# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE ROBINSON, | : | |
| Plaintiff, | : | Criminal No. 03-385 (RBK) |
| v. | : | Civil No. 07-3115 (RBK) |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Defendant. | : | |

Plaintiff Eugene Robinson (the "Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, the petition will be denied.

## I. Background

Petitioner is currently incarcerated at the State Correctional Institution, Greene, Pennsylvania. While serving a life sentence without possibility of parole for having killed his cell mate,[1] Petitioner mailed three letters to the Honorable Eduardo Robreno, United States District Judge for the Eastern District of Pennsylvania. All of the letters threatened Judge Robreno's life. One of the letters contained a powdery substance, which Petitioner intended to be mistaken for Anthrax. Although Judge Robreno had previously denied as many as six civil rights suits filed by Petitioner regarding his treatment in the state prison system, Petitioner claimed that the letters were not sent for a retaliatory purpose. Rather, Petitioner maintains, the letters were intended to draw attention to allegedly abusive treatment in the state prison system,

---

[1] Petitioner was originally incarcerated for robbery when he killed his cell mate.

1

which, he claims, included a plot by the guards to slowly poison him with bad prison food. Petitioner claims that threatening a federal judge was the only possible way to get attention and thus save his own life. This necessity or duress argument (the "Necessity/Duress Defense")[2] was the keystone of Petitioner's case at trial.

On March 30, 2005, Petitioner was convicted and sentenced in the United States District Court, Eastern District of Pennsylvania, for threatening to assault and murder a United States Judge, in violation of 18 U.S.C. § 115(a)(1)(B), and mailing a threatening communication, in violation of 18 U.S.C. § 876. He was sentenced to sixty-three months imprisonment, to run consecutively to the life sentence he was already serving. The conviction and sentence were affirmed on appeal.

Petitioner subsequently filed the Pro-Se Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. § 2255 (Crim. No. 03-385, Docket No. 46) (hereinafter, the "Habeas Petition"), seeking relief from his federal conviction and sentence.[3] Petitioner advances four grounds in support of the Habeas Petition: (1) trial counsel Catherine C. Henry failed to file a motion regarding the Necessity/Duress Defense at trial; (2) Henry failed to procure witnesses and evidence requested by Petitioner; (3) appellate counsel David L. McColgin failed to raise the Necessity/Duress Defense on appeal; and (4) a conflict of interest rendered McColgin's

---

[2] The Court notes that necessity and duress are two similar but distinct doctrines. See United Sates v. Bailey, 444 U.S. 394, 410 (1980) ("Modern cases have tended to blur the distinction between duress and necessity."). However, the Petitioner has used the terms seemingly interchangeably. See Habeas Petition ¶ 12(A)-(C). As discussed below, the relevant elements of the necessity and duress defenses are the same for the purposes of this Opinion. Thus, the Court will consider necessity and duress as one defense.

[3] The Court notes that even if Petitioner obtains relief from his federal conviction and sentence, he will remain in prison to serve a life sentence (without parole) for his state murder conviction.

2

assistance ineffective. See Habeas Petition ¶ 12. All are essentially claims of ineffective assistance of counsel. The facts relevant to each specific ground are set forth below.

Through its attorney, the United States (the "Respondent") argues that the Habeas Petition has no merit under § 2255.

## II. Standard

Section 2255, which allows collateral review of the sentences of federal prisoners,[4] has been the usual avenue for federal prisoners seeking to challenge the legality of their confinement. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255). Section 2255 is the preferred method for advancing an ineffective assistance of counsel claim. United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). A petitioner may move to vacate, set aside, or correct a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To establish a right to habeas corpus relief, a petitioner must demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989).

---

[4] The parties do not dispute that Petitioner is in federal custody. The Court notes that Petitioner is physically in custody in a state prison while serving a state sentence. Since the parties do not contest the custody requirement, 28 U.S.C. § 2255(a), the Court will assume Petitioner is in federal custody.

3

To prevail on a claim of ineffective assistance of counsel, a party must establish (1) deficiency of counsel's performance and (2) prejudice caused by the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). Only the most serious errors constitute deficient performance. Id. (describing errors "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"). Prejudice exists only when the defendant is denied a fair trial capable of producing a reliable result. Id.

The first Strickland prong is an objective standard of "reasonableness under prevailing professional norms." Id. at 688. The Constitution requires a fair trial, not some higher quality of legal representation. See id. at 688-89. Thus, the standard is "highly deferential" and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The second Strickland prong is a subjective, totality-of-the-circumstances analysis of whether counsel's conduct "actually had an adverse effect on the defense." Id. at 693. A speculative or hypothetical effect is not enough. Id. There must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### III. Analysis of Petitioner's Claims

The Court finds that an evidentiary hearing is not necessary. On the first and third grounds (Henry's failure to file a motion raising the Necessity/Duress Defense; McColgin's failure to raise the Necessity/Duress Defense on appeal), Petitioner is clearly not entitled to relief. See Nahodil, 36 F.3d at 326 (finding no hearing is necessary where the "motion, files, and records 'show conclusively that the movant is not entitled to relief'" (quoting United States v.

Day, 969 F.2d 39, 41-42 (3d Cir. 1992))). On the second and fourth grounds (Henry's failure to procure additional witnesses and evidence; McColgin's alleged conflict of interest), "[b]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing in habeas corpus matters." Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987).

### A. Henry's Failure to File a Motion Regarding the Necessity/Duress Defense

Petitioner alleges that Henry "failed to file the proper motion with the court" to raise the Necessity/Duress Defense and that such failure "prejudiced defendants [sic] chance at raise [sic] an adequate defense." Habeas Petition ¶ 12(A). At trial, the parties disagreed regarding whether the defense was required to file a motion in order to raise the Necessity/Duress Defense. See Transcript of Proceedings as to Eugene Robinson, Sept. 13, 2004 (Crim. No. 03-385, Docket No. 42) 84:3-7, 88:14-17 (hereinafter, the "Trial Transcript"). The prosecution argued that a pre-trial motion and hearing were necessary to determine whether the Necessity/Duress Defense can be raised at trial. Trial Transcript 84:3-7. The defense disagreed. Trial Transcript 88:14-17. Notwithstanding the dispute, the defense did raise the Necessity/Duress Defense at trial. Trial Transcript 88:14-90:18. The trial court explicitly considered, and explicitly rejected, the Necessity/Duress Defense. Trial Transcript 95:18-96:19.

The Court finds that Henry's failure to file the allegedly required motion did not prejudice Petitioner. To find prejudice there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The purported error here is Henry's failure to file a motion asserting the Necessity/Duress Defense. Even assuming, without holding,[5] that such failure fails the first

---

[5] Because the Court finds no prejudice to Petitioner, it is unnecessary to determine whether Henry's failure to file the motion was unreasonable under prevailing professional norms. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance

5

Strickland prong of reasonableness under prevailing professional norms (i.e., was deficient), there is no reasonable probability that the outcome at trial would have been different if such a motion had been filed. The actual outcome was the same as if the motion had been filed–the defense raised the Necessity/Duress Defense and the trial court considered and rejected it. Thus, there was no prejudice to Petitioner; Henry's assistance was not constitutionally ineffective on this ground.

### B. Henry's Failure to Procure Witnesses and Evidence Requested by Defendant

Petitioner alleges further that Henry failed to procure, at Petitioner's request, witnesses and evidence that would have supported Petitioner's Necessity/Duress Defense and that such failure rendered Henry's assistance constitutionally ineffective. Habeas Petition ¶ 12(B). Petitioner, however, neither identifies these supposed witnesses and evidence, nor suggests how these witnesses and evidence would have supported Petitioner's Necessity/Duress Defense. Moreover, Respondent provides an affidavit from Henry stating that Henry and Petitioner "thoroughly discussed" the Necessity/Duress Defense "on a number of occasions" before trial and that "[o]ther than what was presented at trial, there was no additional evidence in support of" the Necessity/Duress Defense. Government's Response in Opposition to Petitioner's Motion Under 28 U.S.C. § 2255 (Crim. No. 03-385, Docket No. 451), Exhibit D (Affidavit From Attorney Catherine C. Henry) ¶¶ 2,4 (hereinafter, the "Henry Affidavit").

The Court begins with the proposition that the reasonableness of counsel's action is presumed. See Strickland, 466 U.S. at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and

---

claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

6

strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, 466 U.S. at 690-91. In other words, counsel is "not bound by an inflexible constitutional command to interview every witness." Lewis v. Mazurkiewicz, 915 F.2d 106, 113 (3d Cir. 1990). Instead, counsel's duty is "to make reasonable investigations or to make a reasonable decision that [makes] particular investigations unnecessary." Id. (emphasis added) (citing Strickland, 466 U.S. at 691). Counsel may rely upon discussions with her client in making this decision. Id. "[W]hen the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether." Strickland, 466 U.S. at 691.

Here, nothing in the record rebuts the presumption of reasonableness. Petitioner does not allege what the evidence was or who the witnesses were and to what they would testify. Cf. Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991) ("A witness cannot be produced out of a hat. [Petitioner] cannot meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense."). In fact, the evidence in the record that there was no additional evidence supports the presumption of reasonableness. Thus, Henry's actions were reasonable; her assistance was not unconstitutionally ineffective on this ground.[6]

---

[6] Since the Court finds Henry's actions to be reasonable it is unnecessary to address the prejudice element. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

7

### C. Failure to Raise Necessity/Duress Defense on Appeal

Petitioner alleges further that McColgin failed to raise the Necessity/Duress Defense on appeal and that such failure rendered McColgin's assistance constitutionally ineffective. Habeas Petition ¶ 12(A).

Again the Court begins with the presumption that counsel's actions are reasonable. See Strickland, 466 U.S. at 689. It is difficult to prove that a lawyer's failure to raise a particular claim in an appeal constitutes ineffective assistance of counsel. See Smith v. Robbins, 528 U.S. 259, 288 (2000); see also Jones v. Barnes, 463 U.S. 745, 750 (1983) (rejecting "per se rule that appellate counsel must raise every nonfrivolous issue requested by the client"). If a petitioner's claims are not meritorious, his attorney's failure to raise them does not constitute ineffective assistance of counsel. See United States v. Mannino, 212 F.3d 835, 840 (3d Cir. 2000).

Here, Petitioner alleges neither whether and why the Necessity/Duress Defense could have been raised on appeal, nor whether and why failure to do so was unreasonable.[7] See Habeas Petition. Moreover, as discussed above, the Necessity/Duress Defense was rejected by

---

[7] There was a dispute at trial as to the correct legal standard for the Necessity/Duress Defense, specifically whether there must be some threat of imminent harm. See Trial Transcript 84:7-10, 89:12-13. The trial court ultimately agreed with the prosecution that the Necessity/Duress Defense requires an imminent harm. See Trial Transcript 96:6-19. Thus the Court could assume, arguendo, that Petitioner intends to allege that the trial court applied an incorrect legal standard in evaluating the Necessity/Duress Defense. However, Petitioner still does not allege why it would have been unreasonable not to raise the improper-legal-standard argument on appeal. Regardless, Petitioner still could not prevail on this ground because there would not have been any prejudice to Petitioner. Petitioner did not prove, or even allege, the existence of a threat of imminent harm, which is required under any definition of the Necessity/Duress Defense. Bailey, 444 U.S. at 410 ("Under any definition of these defenses one principle remains constant: if there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,' the defenses will fail." (quoting W. LaFave & A. Scott, Handbook on Criminal Law § 28, at 379 (1972))).

8

the trial court and is therefore without merit. Thus, Petitioner cannot show that McColgin's assistance was ineffective on this ground.

### D. McColgin's Alleged Conflict of Interest

Petitioner alleges further that McColgin's assistance was constitutionally ineffective because "he was laboring under a conflict of interests, and tainted by outside influences, causing him to sandbag the issues in defendants [sic] cause, and instead raise one non prevailing [sic] issue with the court he knew would fail." Habeas Petition ¶ 12(D).

Prejudice is presumed if counsel "actively represented conflicting interests" and "an actual conflict of interest adversely affected [counsel's] performance." Strickland, 466 U.S. at 692 (quoting Cuyler v. Sullivan, 446 U.S. 335, 350, 348 (1980)). Moreover, an actual conflict of interest certainly could render counsel's performance unreasonable under prevailing professional norms. See Strickland, 466 U.S. at 688; ABA Standards of Criminal Justice Standard 4-3.5 (3d ed. 2003) ("Conflicts of Interest"); Model Rules of Prof'l Conduct Rs. 1.7, 1.8 (2009). As the Court has noted previously, however, conclusory allegations are insufficient to support a claim for relief in a habeas corpus petition. See Zettlemoyer, 923 F.2d at 298; Mayberry, 821 F.2d at 185 ("[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing.").

Petitioner has alleged no facts suggesting the existence of a conflict of interest.[8] In the absence of such facts, Petitioner cannot show that the supposed conflict of interest adversely affected counsel's performance. Conclusory allegations are insufficient to support a claim of

---

[8] The Court notes that given Petitioner's history as a paranoid schizophrenic, Brief for Appellant at 3, United States v. Robinson, App. No. 05-2071 (3d Cir. Oct. 14, 2005), such "conspiracy theories" are considerably less credible.

ineffective assistance of counsel. See Zettlemoyer, 923 F.2d at 298. Thus, the Court will disregard this ground of the Petition.

## IV. Certificate of Appealability

A litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Local Appellate Rules for the Third Circuit state:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue. . . . If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

L. App. R. 22.2.

A certificate of appealability shall not issue unless there is a "substantial showing of the denial of a constitutional right." 28. U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner's claims are constitutional. The Court has rejected them on the merits. Thus, a certificate of appealability may issue only if Petitioner demonstrates that reasonable jurists could disagree with the Court's assessment. Petitioner is not entitled to relief on the first and third grounds (Henry's failure to file a motion rasing the Necessity/Duress Defense; McColgin's failure to raise the Necessity/Duress Defense on appeal), because there was no prejudice to Petitioner. Petitioner has not alleged with specificity any facts in support of the second and fourth grounds (Henry's failure to procure additional witnesses and evidence; McColgin's

10

alleged conflict of interest), and instead has made only bald, conclusory allegations. Thus, the Court finds that reasonable jurists could not disagree with the Court's assessment.

## V. Conclusion

For the reasons set forth above, the Habeas Petition is denied. A certificate of appealability will not issue. An appropriate Order accompanies this Opinion.

Dated: 1-27-14

ROBERT B. KUGLER
United States District Judge