IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE ROBINSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Crim. No. 2:03-cr-00385 (RMB)<br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. This matter comes before the Court, sitting by designation pursuant to 28 U.S.C. § 292(b), on Pro Se Petitioner Eugene Robinson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("2255 Motion"), challenging his March 30, 2005 conviction and sentence under 18 U.S.C. § 115(a)(1)(B) and 18 U.S.C. § 876(c) for mailing threatening communications and threatening a federal judge. (Dkt. No. 56.) Petitioner is confined in the State Correctional Institution at Greene in Waynesburg, PA. The 2255 motion contains two grounds for relief: (1) ineffective assistance of counsel for failing to file a motion for a duress and necessity defense; and (2) "the Benadryl sent in the mail was no[t] life threatening, and should not be view[ed] as such." Petitioner also states he should be transferred to federal custody to serve his federal sentence first.

2. According to the docket in this matter, Petitioner filed a § 2255 on July 30, 2007, and it was denied by Opinion and Order dated February 1, 2010. (Dkt. Nos. 46,

52, 53.) In his first § 2255 motion, Petitioner raised the same ineffective assistance of counsel claim that he asserts in his present § 2255 motion.

3. "Before a second or successive application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A. § 2244(b)(3)(A). The appropriate Court of Appeals must certify the second or successive § 2255 motion to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

4. Therefore, the Court will dismiss the petition for lack of jurisdiction. *See United States v. LaPrade*, 733 F. App'x 592, 594 (3d Cir. 2018) ("under § 2244(b), the District Court lacked—and will continue to lack—jurisdiction to consider [Petitioner's argument] unless and until this Court grants his still-pending application for leave to file a successive § 2255 motion.")

5. This Court finds that it is not in the interest of justice to transfer this matter to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 because Petitioner does not appear to meet the criteria under § 2255(h)(1) or (2).

An accompanying order follows.

Date:  February 4, 2025

<u>Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge
United States District Court
District of New Jersey
